IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES CAMERON, JR.,

    **Plaintiff,**

v.                              CASE NO. 19-3148-SAC

JEFF EASTER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff James Cameron, Jr., appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was a pretrial detainee being held at the Sedgwick County Adult Detention Facility (SCADF) in Wichita, Kansas. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Mr. Cameron's complaint (ECF No. 1) takes issue with the medical care he received while being held at SCADF. Plaintiff names 13 defendants, including the SCADF and the State of Kansas, and seeks to add 12 more defendants by motions, which are also before the Court (ECF Nos. 5, 6 and 7). In addition, Plaintiff has filed a motion for appointment of counsel (ECF No. 3).

1

Mr. Cameron alleges the defendants were deliberately indifferent to his medical needs. Plaintiff states that he suffered a seizure on May 14, 2019 and was denied medical treatment for 32 hours. He repeatedly asked Defendants Velasquez, Freeman, Heyes, Woodson, Moore, and Harvey for medical help but was accused a faking and told he had no medical emergency. When he did not respond to prisoner count, he was placed on lockdown. A medication passer, Christina LNU, came to his cell around 11:15 and noticed Plaintiff's hand was swollen and he had blood coming from his mouth. She attempted to get help but was told Mr. Cameron needed to sign up for sick call. Plaintiff finally received medical attention 32 hours later when Sergeant Harvey responded to a grievance he had filed and forced the medical clinic to examine Mr. Cameron. Plaintiff states the medical personnel did nothing but document that he had a seizure.

Plaintiff further alleges that on May 29, 2019 Defendant Velasquez refused to let him out of his cell to get his seizure medication, stating he was on lockdown and lockdowns don't get medication. When Mr. Cameron was later released from his cell, he attempted to retrieve his medication but was denied. He refused to return to his cell until he received his medication, approximately 4 hours later. Plaintiff was then placed on 10 days detention.

Mr. Cameron states he was placed on additional lockdowns for trying to retrieve his medication, but he does not know the exact dates or the staff members involved because SCADF officials refuse to provide him with documentation he has requested.

Plaintiff seeks $5 million in damages for his pain and suffering, termination of all officers involved, and $250,000 from each of the officers individually.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. §

1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round

out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

    **A. Denial of Medical Treatment Claim**

Plaintiff alleges violation of his rights under the Eighth Amendment.[1] The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be

---

[1] Pretrial detainees, such as Plaintiff, are protected under the Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). In determining whether Plaintiff's rights were violated, however, the analysis is identical to that applied in Eighth Amendment cases brought pursuant to § 1983. *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz,* 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

To satisfy the objective component, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle,* 429 U.S. at 104, 105; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez,* 430 F.3d at 1304 (citing *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir .2000) (quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon,* 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)).

It is well-settled that deliberate indifference requires more than mere negligence. *See Farmer,* 511 U.S. at 835. Thus, the complaint that a physician, or other medical staff member, was negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle,* 429 U.S. at 106; *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). Likewise, a mere difference of opinion between the inmate and prison medical personnel regarding what constitutes reasonable treatment does not constitute cruel and unusual punishment. *See Estelle,* 429 U.S. at 106–07; *Handy v. Price,* 996 F.2d 1064, 1067 (10th Cir. 1993) (affirming that a quarrel between a prison inmate and the doctor as to the

appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *El'Amin v. Pearce,* 750 F.2d 829, 833 (10th Cir. 1984) (A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind...." Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle,* 429 U.S. at 105–106 (footnote omitted).

In this case, Mr. Cameron has not included sufficient facts to establish either component of a deliberate indifference claim. He does not state whether he had been diagnosed with a serious medical condition at the time of the first incident described. It may be that he had been previously diagnosed with epilepsy or another condition, but he does not so state. Merely alleging he suffered a seizure is not sufficient to meet the high bar of the objective component of a deliberate indifference claim.

As for the subjective component, Mr. Cameron has not demonstrated that the defendants knew of and disregarded an excessive risk to his health or safety. Again, it may be that he had a documented history of suffering serious seizures and resulting harm, but he has not made that allegation. For example, Plaintiff does not state how long he had been at SCADF, whether he had previously suffered seizures, or whether he was already on medication for a serious medical condition.

Moreover, in situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires that the inmate suffer "substantial harm" as a result of the delay. *Garrett v. Stratman,* 254 F.3d 946, 950 (10th Cir. 2001); *Olson v. Stotts,* 9 F.3d 1475 (10th Cir. 1993). "[T]he substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or

considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (*citing Oxendine v. Kaplan,* 241 F.3d 1272, 1278 (10th Cir. 2001)). "Mere discomfort or temporary adverse conditions which pose no risk to health and safety do not implicate the Eighth Amendment." *Hacker v. Wackenhut Correctional Facility*, 95 F. App'x 293, 294 (10th Cir. 2004) (*citing see Hudson v. McMillian,* 503 U.S. 1, 9 (1992)). Plaintiff does not adequately describe any harm other than pain and mentioning in passing a swollen hand and blood coming from his mouth.

The Court finds that Plaintiff has thus failed to state facts sufficient to support a plausible claim of cruel and unusual punishment. Plaintiff is given time to allege additional, sufficient facts or show cause why this action should not be dismissed for failure to state a claim in federal court of a federal constitutional violation.

**B. Defendants**

Plaintiff names the Sedgwick County Adult Detention Facility as a defendant to the complaint. Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under Section 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir. 2005).

Plaintiff also names the State of Kansas as a defendant. The State and its agencies are not "persons" that Congress made amenable to suit for damages under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989)("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Consequently, both the SCADF and the State of Kansas are dismissed from this action.

In addition, Plaintiff has not adequately plead personal participation of many defendants. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo*, 465 F.3d at 1227; *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff has not identified particular acts or omissions by most of the named defendants, including those he seeks to add by motion. Plaintiff must explain what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

It is not sufficient for Plaintiff to allege that a defendant's only involvement was as a supervisor. An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Furthermore, the allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

Because Plaintiff has failed to "explain what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right he believes the defendant violated" (*Nasious*, 492 F. 3d at 1163), he has not adequately pled a cause of action under § 1983 against the defendants.

**IV. Motion to Appoint Counsel (ECF No. 3)**

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to

investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

Because the Court has not determined that Plaintiff's case may proceed and because Plaintiff appears able to present his claims adequately, the motion is denied.

**V. Motions to Add Defendants (ECF Nos. 5, 6, and 7)**

Plaintiff asks that the following defendants be added to his lawsuit: Jennifer LNU, nurse; Megan LNU, nurse; Heather LNU, nurse; Rodney LNU, nurse; James LNU, nurse; Kim LNU, nurse; Melissa LNU, nurse; Audrey LNU, doctor; FNU Hansen, Deputy; FNU Neal, Deputy; FNU Ball, Sergeant; and Wellpath Co.

These motions are properly considered motions to amend the complaint. Although pro se pleadings are to be liberally construed, pro se litigants are still expected to follow the same rules of procedure as all other litigants. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Brown v. Zavaras,* 63 F.3d 967, 971–72 (10th Cir.1995); *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir.1992), *cert. denied,* 507 U.S. 940 (1993). Since Plaintiff proceeds pro se, the Court will liberally construe these three motions as motions to amend and will further construe them to incorporate, rather than supplant, his original complaint. However, Plaintiff is on notice that any additional amendments must be by proper motion that has a complete Amended Complaint attached, which is on forms acquired from the clerk of this court and sets forth all Plaintiff's claims and information intended to be in his complaint.

Plaintiff's first motion to add defendants (ECF No. 5) will be granted even though it is an unnecessary motion. "A party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1). Additional amendments may be made with the Court's leave. Fed. R. Civ. P. 15(a)(2). Therefore, the Court grants Plaintiff's

second and third motions to add defendants (ECF Nos. 6 and 7). Accordingly, Jennifer LNU, nurse; Megan LNU, nurse; Heather LNU, nurse; Rodney LNU, nurse; James LNU, nurse; Kim LNU, nurse; Melissa LNU, nurse; Audrey LNU, doctor; FNU Hansen, Deputy; FNU Neal, Deputy; FNU Ball, Sergeant; and Wellpath Co. are added. However, Plaintiff is reminded that he must adequately allege the personal participation of each and every named defendant in his response to this show cause order.

## VI. Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

Plaintiff may instead file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file an amended complaint in which he (1) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (2) alleges sufficient facts to show personal participation by each named defendant.

---

[2] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3148-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **March 2, 2020**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **March 2, 2020**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied as against defendant "Sedgwick County Jail."

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied as against defendant "State of Kansas."

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's motions to add defendants (ECF Nos. 5, 6, and 7) are granted, and Jennifer LNU, nurse; Megan LNU, nurse; Heather LNU, nurse; Rodney LNU, nurse; James LNU, nurse; Kim LNU, nurse; Melissa LNU, nurse; Audrey LNU, doctor; FNU Hansen, Deputy; FNU Neal, Deputy; FNU Ball, Sergeant; and Wellpath Co. are added as defendants herein.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 29th day of January, 2020.**

        **s/ Sam A. Crow**
        **SAM A. CROW**
        **U. S. Senior District Judge**