# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES CAMERON, JR.,

              **Plaintiff,**

    v.                                    CASE NO. 19-3148-SAC

JEFF EASTER, et al.,

              **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff James Cameron, Jr., appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.  At the time of filing, Plaintiff was a pretrial detainee being held at the Sedgwick County Adult Detention Facility (SCADF) in Wichita, Kansas.  Plaintiff's complaint (ECF No. 1) takes issue with the medical care he received while being held at SCADF.  Plaintiff names 22 defendants.

    On January 29, 2020, the Court entered a Memorandum and Order to Show Cause (MOSC) (ECF No. 9), ordering Plaintiff to show cause by March 2, 2020, why his complaint should not be dismissed due to the deficiencies set forth in the MOSC.  The copy of the MOSC mailed to Plaintiff was returned to the clerk's office on February 6, 2020.  It was remailed on March 5, 2020, after Plaintiff called the clerk's office to provide his new address.  The MOSC stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice.  Plaintiff has not responded to the MOSC.

As explained in the MOSC, Plaintiff failed to state a claim for deliberate indifference under the Eighth Amendment because he did not include sufficient facts to demonstrate either the objective or subjective component of such a claim. Plaintiff did not show the presence of a "serious medical need," as required to satisfy the objective component. *See Estelle v. Gamble,* 429 U.S. 97, 104, 105 (1976). As for the subjective component, Mr. Cameron did not demonstrate that the defendants knew of and disregarded an excessive risk to his health or safety. *See Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

In addition, Plaintiff did not adequately plead a cause of action under § 1983 against the defendants because he failed to "explain what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right he believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

For the reasons stated herein, Plaintiff's complaint must be dismissed.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 10th day of April, 2020, at Topeka, Kansas.

                                            s/ Sam A. Crow
                                            **SAM A. CROW**
                                            **U.S. Senior District Judge**